UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIZABETH A. MATTHEWS**, on behalf of herself and all others similarly situated,<br><br>   *Plaintiff*,<br><br> v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.**,<br><br>   *Defendant*. | Civil Action No. 21-_____<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a consumer class action brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, seeking relief for Defendant's widespread violations thereof.

2. Defendant Experian Information Solutions, Inc. systemically violates FCRA section 1681g(a) by failing to provide complete disclosures of all information it maintains about consumers, including Plaintiff and members of the Class.

### II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §1331.

4. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

5. Plaintiff Elizabeth A. Matthews is an adult individual who resides in Philadelphia, Pennsylvania. At all times pertinent hereto, Plaintiff was a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is a foreign business entity that regularly conducts business in the Commonwealth of Pennsylvania.

7. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" ("CRA") within the meaning of 15 U.S.C. §§ 1681a(b), (f).

### IV.   FACTUAL ALLEGATIONS

**A.   Defendant's Acquisition And Use Of Rental History Information For Tenant Screening Consumer Reports**

8. Defendant is one of the "Big Three" nationwide consumer reporting agencies in the United States, and prepares and sells reports about millions of consumers per year containing information about credit accounts, employment history, public record information, and more.

9. In addition to traditional credit data, Defendant also acquires rental history information pertaining to consumers for purposes of creating and selling tenant screening reports about those consumers to landlords, rental property managers, and other CRAs under the brand "Experian RentBureau."

10. The Experian RentBureau-branded tenant screening reports that Defendant prepares and sells about thousands of consumers each year are "consumer reports" within the meaning of section 1681a(d) of the FCRA because they are used and expected to be used for multiple purposes governed by section 1681b of the FCRA, and the rental history information included within the reports bears on the credit history, credit worthiness, reputation, personal characteristics, and mode of living of the subjects of the reports.

11. Defendant operates its consumer reporting business, including the sales of tenant screening reports under the Experian RentBureau brand, as a single, unified CRA, with integrated operations, data storage, technical support, information technology services, marketing, quality assurance, auditing, compliance, consumer contact personnel, and oversight efforts.

B.     **Defendant's Failure To Fully Disclose Information To Consumers**

12. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

13. In furtherance of that goal, the FCRA mandates that CRAs provide consumers with access to the information sold about them to third parties. *See* 15 U.S.C. § 168lg(a).

14. The FCRA requires CRAs to provide consumers with copies of their consumer files without charge every twelve months, after a credit denial and in other limited circumstances. *See* 15 U.S.C. § 168lg(a).

15. When used in connection with information on any consumer, the FCRA uses the term "file" to mean "all of the information on that consumer recorded and retained by a consumer reporting agency *regardless of how the information is stored*." *See* 15 U.S.C. § 168la(g) (emphasis added).

16. "File . . . denotes all information . . . that *might* be furnished, or *has been* furnished, in a consumer report on that consumer." *Cortez*, 617 F.3d at 711-12 (*citing Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)) (emphasis added).

17. CRAs may not attempt to circumvent their duties to disclose imposed by the FCRA by way of corporate or technological chicanery. 15 U.S.C. § 1681x; *see also Cortez*, 617 F.3d at 711 ("We do not believe that Congress intended to allow credit reporting companies to escape the disclosure requirement in § 1681a(g) by simply contracting with a third party to store and maintain information that would otherwise clearly be part of the consumer's file and is included in a credit report."); *McIntyre v. Trans Union LLC*, 2020 WL 1150443, * 3 (E.D. Pa. March 5, 2020) (same).

18. Examples of such prohibited attempts include:

*Circumvention through reorganization by data type.* XYZ Inc. is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It restructures its operations so that public record information is assembled and maintained only by its corporate affiliate, ABC Inc. XYZ continues operating as a consumer reporting agency but ceases to comply with the FCRA obligations of a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, asserting that it no longer meets the definition found in FCRA section 603(p), because it no longer maintains public record information. XYZ's conduct is a circumvention or evasion of treatment as a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, and thus violates this section.

* * *

*Circumvention by a newly formed entity.* Smith Co. is a new entrant in the marketplace for consumer reports that bear on a consumer's credit worthiness, standing and capacity. Smith Co. organizes itself into two affiliated companies: Smith Credit Co. and Smith Public Records Co. Smith Credit Co. assembles and maintains credit account information from persons who furnish that information regularly and in the ordinary course of business on consumers residing nationwide. Smith Public Records Co. assembles and maintains public record information on consumers nationwide. Neither Smith Co. nor its affiliated organizations comply with FCRA obligations of consumer reporting agencies that compile and maintain files on consumers on a nationwide basis. Smith Co.'s conduct is a circumvention or evasion of treatment as a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis, and thus violates this section.

12 C.F.R. parts 1022.140(b)(1), (3).

19. Defendant fails, as a matter of common policy and procedure, to provide consumers who request their file disclosures from Defendant with all the information Defendant maintains about them.

20. Specifically, Defendant uniformly omits rental history information that it gathers and regularly sells under the Experian RentBureau brand from the file disclosures it provides to consumers. This omission is not a mistake or oversight, but is pursuant to Defendant's intentionally-adopted policies and practices.

21. Defendant's practices not only violate the FCRA as a matter of law, they exact serious consequences on individual rental housing applicants and interstate commerce as a whole, depriving consumers of the ability to obtain what rental history information that Defendant maintains and sells about them to third parties.

**C.     The Experience Of Plaintiff Elizabeth A. Matthews**

22. In 2014, Plaintiff successfully resolved a mistaken $6,107 rent claim against her from her landlord in Boston, Massachusetts. The resolution resulted in no balance due from Plaintiff.

23. In February 2020, Plaintiff applied to rent an apartment in Philadelphia, Pennsylvania.

24. The rental agent ordered a tenant screening consumer report ("Screening Report") concerning Plaintiff from RentGrow, Inc., a tenant screening CRA.

25. The Screening Report concerning Plaintiff stated that it was "Powered by Experian RentBureau."

26. The Screening Report reflected searches requested and completed on February 28, 2020.

27. The Screening Report inaccurately included rental history information, in the form of a "Collection Alert" regarding Plaintiff, namely an open collection account in the amount of $6,107.00 in favor of NCC Business Services.

28. The rental history information on the Screening Report was in Defendant's possession and was provided to RentGrow, Inc. by Defendant.

29. As a result of the inaccurate report, Plaintiff's lease application was rejected.

30. The landlord sent Plaintiff a letter dated February 28, 2020 which stated that the rejection was based on information in the Screening Report.

31.     As a result of the inaccurate Screening Report and the adverse action taken in reliance thereon by the landlord, Plaintiff was forced to seek alternative housing, for which she was required to pay a higher monthly rent.

32.     Defendant knew or should have known that the NCC account should not have been included in the Screening Report because Defendant did not include the NCC account in a file disclosure it provided to Plaintiff on or about May 25, 2016.

33.     As a CRA, Defendant must, upon a consumer's request, disclose to the consumer "all information in the consumer's file at the time of the request[.]" 15 U.S.C. § 1681g(a). This includes the identification of each person who procured a consumer report in the prior year. 15 U.S.C. § 1681g(a)(3).

34.     Following the adverse action taken against her as a result of the Screening Report, Plaintiff requested that Defendant produce all information in her consumer file.

35.     Rental history information and alleged defaults in rent payment are included in the meaning of "information in [a] consumer's file." 15 U.S.C. § 1681g(a)(1). *McIntyre*, 2020 WL 1150443 at *4, citing *Cortez*, 617 F.3d at 711.

36.     Experian produced Plaintiff's file information in a report dated February 29, 2020.

37.     Experian reported that Plaintiff's credit score was 803, which it described as "exceptional."

38.     In the February 29, 2020 disclosure, Defendant did not disclose the NCC collection account information that it continued to maintain in its file about her, and had previously sold about her in connection with the Screening Report. Indeed, Defendant's disclosure directly contradicted its Screening Report and affirmatively stated that Plaintiff had "No collection accounts."

39. Experian's failure to include this rental history information regarding the NCC account was pursuant to its standard policy and procedure of omitting data it collects for the purposes of including on Experian RentBureau branded reports from file disclosures to consumers.

40. Additionally, Defendant did not disclose each person to whom it provided a consumer report about Plaintiff in the prior year.

41. Defendant's incomplete disclosure denied Plaintiff the opportunity to learn the extent and source of the rental history information it maintained, had provided and would provide to third parties about her, despite Congress's clear mandate in sections 1681g(a)(1) and (3) of the FCRA, and its implementing regulations.

42. At all times pertinent hereto and with respect to all of the foregoing allegations, Defendant's conduct was a result of deliberate policies and practices, was willful, was carried out in reckless disregard for consumers' rights as set forth under section 1681g(a) of the FCRA, and further assumed an unjustifiably high risk of harm.

## V.   CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of the following Class for Defendant's violations of FCRA section 1681g(a):

> For the period beginning five (5) years prior to the filing of this action and continuing through the date of judgment, all natural persons with an address in the United States and its Territories for whom Defendant Experian has a record of transmitting a file disclosure in response to the person's request, which file disclosure did not include any rental history information that Experian RentBureau had in its possession, sold about the person, or would have sold about the person.

44. The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the members of the Class number in the thousands. Defendant sells rental history information to thousands of businesses throughout the country, and

its reports to such businesses are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports. Furthermore, upon information and belief, Defendant prepares and sends disclosures to consumers using standardized policies and procedures.

45.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question concerns whether Defendant violated the FCRA by failing to provide all the information it maintains about consumers upon their request.

46.     Plaintiff's claims are typical of the claims of the members of the Class, which all arise from the same operative facts and are based on the same legal theories.

47.     Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

48.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

49.     Whether Defendant violated the FCRA can be determined by examination of Defendant's policies and conduct and a ministerial inspection of Defendant's business records.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because the maximum statutory damages are limited to between $100.00 and $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the members of the Classes may be derived from Defendant' records.

## VI. CLAIMS FOR RELIEF

### COUNT I
### Violation of 15 U.S.C. § 1681g(a)
### (On behalf of Plaintiff and the Class)

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff and members of the Class for negligently and willfully failing to provide a complete copy of all the information in her file upon request, in violation of FCRA section 1681g(a). Specifically, Defendant did not disclose to Plaintiff and members of the Class upon their request the rental history information it maintains and sells about them to potential landlords and other users of Defendant's products and services.

### COUNT II
### Violation of 15 U.S.C. § 1681g(a)(3)(A)(ii)
### (On behalf of Plaintiff and the Class)

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to the Plaintiff and members of the Class for negligently and willfully failing to identify each person that

procured a consumer report about them during the one-year period preceding the date of the request, in violation of section 1681g(a)(3)(A)(ii) of the FCRA. Specifically, Defendant failed to disclose to Plaintiff and members of the Class upon their request the identity of the end-user of the reports it prepared about Plaintiff and members of the Class.

## COUNT III
### Violation of 15 U.S.C. § 1681e(b)
### (On behalf of Plaintiff)

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to the Plaintiff for negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b) of the FCRA. Specifically, Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the rental history information it reported about Plaintiff, thereby publishing inaccurate and outdated rental history information to her potential landlord and causing her harm.

## COUNT IV
### Violation of 15 U.S.C. § 1681i
### (On behalf of Plaintiff)

57. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

58. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable to Plaintiff for negligently and willfully failing to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate and by reinserting the disputed information back into Plaintiff's consumer report without proper certification and notice.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter an order granting the following relief:

A. certifying the proposed Class under Federal Rule of Procedure 23 and appointing Plaintiff and her counsel to represent the Class;

B. declaring that Defendant's conduct as alleged is in violation of the FCRA;

C. awarding actual damages pursuant to 15 U.S.C. § 1681o(a);

D. awarding statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

E. awarding punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

F. awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

G. granting such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: March 5, 2021

Respectfully submitted,

ELIZABETH A. MATTHEWS,
*by her attorneys,*

/s/James A. Francis
James A. Francis
John Soumilas
Lauren KW Brennan
Jordan M. Sartell*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 980-8000

jfrancis@consumerlawfirm.com  
jsoumilas@consumerlawfirm.com  
lbrennan@consumerlawfirm.com  
jsartell@consumerlawfirm.com

*Attorneys for Plaintiff*

\* Petition to appear *pro hac vice* forthcoming.